USCA1 Opinion

 

 February 14, 1994 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 92-1747 UNITED STATES, Appellee, v. SAMSON O. AGBOSASA, Defendant, Appellant. ____________________ ERRATA SHEET The opinion of this court issued on February 11, 1994, is amended as follows. Page 2, line 25, please insert after the word defendant "gave did not implicate defendant in the filing". February 11, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 92-1747 UNITED STATES, Appellee, v. SAMSON O. AGBOSASA, Defendant, Appellant. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Francis J. Boyle, Senior U.S. District Judge] __________________________ ___________________ Before Breyer, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ ___________________ Francis R. Williams on brief for appellant. ___________________ Edwin J. Gale, United States Attorney, and Charles A. ______________ ___________ Tamuleviz, Assistant United States Attorney, on brief for _________ appellee. __________________ __________________ Per Curiam. The defendant, in the course of being __________ arrested and booked in connection with fraudulent income tax claims, was asked routine booking question including his social security number. He gave a false one and, despite his effort to suppress the statement, was charged and convicted of deceptively misrepresenting his social security number. We find no merit in defendant's argument that asking defendant his social security number "related directly to an element of the crime the agents had reason to suspect" and therefore was "designed to elicit incriminatory admissions" within the meaning of Pennsylvania v. Muniz, 496 U.S. 582, 602 ____________ _____ n.14 (1990). When defendant was arrested at the post office, he was suspected of involvement in the submission of false tax refund claims in the names of Micheal M. Lerner and Jose A. Silva in violation of 18 U.S.C. 287. So far as appears, however, defendant did not represent himself to be Lerner or Silva or to have their social security numbers. Instead, after being advised of his Miranda rights, defendant denied the post office box to _______ which the decoy refund checks had been sent was his, claimed the box belonged to a friend, and said he did not know anything about the refund checks. Consequently, by the time the IRS agent and deputy marshal asked defendant his social security number, they would not have reasonably expected that question, or its answer, to implicate defendant in the offenses then under investigation (the filing of false income tax claims). In fact, the answer -2- defendant gave did not implicate defendant in the filing false income tax claims charges. Instead, defendant committed a completely separate offense -- giving a false social security number with intent to deceive, 42 U.S.C. 408(g)(2)(1988). Nor was asking defendant his social security number designed to goad defendant into violating 42 U.S.C. 408(g)(2)(1988). There is no evidence the IRS agent or deputy marshal knew defendant was an illegal alien, 20 C.F.R. 422.104 _______ (indicating that certain legal aliens may obtain a social security number), and, in any event, had defendant answered the question truthfully, he would have neither implicated himself in the offenses then under investigation (filing false refund claims) nor violated 42 U.S.C. 408 (g)(2)(1988). Finding no merit in defendant's argument, we summarily affirm the judgment below. Loc. R. 27.1. -3-